**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLA DORCHELL WASHINGTON,**

       **Plaintiff,**

**-vs-**                          **Case No. 6:11-cv-1607-Orl-22-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**[1]

       **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES (Doc. No. 29)**
>
> **FILED:**     **January 30, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This application follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 27, 28. Plaintiff's Motion seeks an award of attorney's fees under the Equal Access to Justice Act. The Commissioner is not opposed

---

[1] Carolyn W. Colvin became Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted as the Defendant Commissioner of Social Security in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to the reasonableness of the amount of fees sought, but is opposed to any award of fees to Plaintiff, arguing that the Commissioner's position was substantially justified.

### I. Procedural Background

On June 3, 2011, an administrative law judge (ALJ) denied Plaintiff's claim for a period of disability and disability insurance benefits. R. 20. The Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff challenged the Commissioner's final decision in this Court on October 3, 2011. Doc. 1. On November 9, 2012, this Court issued a Report and Recommendation recommending the Court affirm the Commissioner's decision. Doc. 25.

Following the filing of objections from Plaintiff and a Response by the Commissioner, Chief Judge Conway entered an Order reversing and remanding the decision to the Commissioner, based on the holding of *Winschel v. Commissioner of Social Security.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Doc. 27. Plaintiff filed her application for attorney fees under the Equal Access to Justice Act on January 30, 2013. Doc. 29. The Commissioner filed a response on February 12, 2013. Doc. 30.

### II. Substantial justification

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A). The Commission concedes that Plaintiff is the prevailing party and her net worth was less than two million dollars, the application for fees was timely filed, and the amount of time spent on the appeal was reasonably incurred. Doc. 30. However, the Commissioner contends that Plaintiff is not entitled to attorney's fees under the EAJA, because the Commissioner's position was substantially justified. Thus, the

principal issue in dispute is whether the Commissioner's position at the agency level and the Court was "substantially justified."

Plaintiff contends that she is entitled to fees because the government's position at the agency level and in this Court was not substantially justified in that the ALJ failed to state with particularity any rationale, as required by *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), for not explaining why she did not accept the entire expert medical opinion of the examining physician, Dr. Perdomo, who limited Plaintiff to 4 hours of sitting. Doc. 29[2]. She also argues that the Appeals Council was not substantially justified in denying Plaintiff's Request for Review on the grounds that there was no error of law when the ALJ's decision was not supported by substantial evidence. Doc. 29. Plaintiff contends that the Commissioner's position was not substantially justified in arguing that good cause did not exist to remand the case because the ALJ's conduct was appropriate, and constituted harmless error. Doc. 29.

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'- *i.e.,* when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir.1997) (citation omitted); *see also United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004) (observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees."). "[T]he fact that one other court agreed or disagreed

---

[2] As the Commissioner points out, Plaintiff has omitted any discussion that the Commissioner was not substantially justified on the issue of the ALJ's duty to develop the record by ordering a consultative mental examination. Doc. 30 at 4. Plaintiff's arguments are limited to the issue involving Dr. Perdomo's consultative examination. Doc. 29 at 7.

with the [Commissioner] does not establish whether its position was substantially justified." *Id.* at 569, 108 S.Ct. at 2552.

The Commissioner argues that her position was substantially justified because the ALJ's RFC finding and the evaluation of the medical evidence of record, including Dr. Perdomo's opinion, had a reasonable basis in law and fact. Judge Conway remanded the case for the ALJ "to provide with particularity her rationale for rejecting Dr. Perdomo's opinion regarding the possible hours Plaintiff can sit in an 8-hour workday." Doc. 27 at 6. The Commissioner argues that even though Plaintiff prevailed on the issue of the lack of clarity of the ALJ's evaluation of Dr. Perdomo's opinion, the error was not as serious as a case where the "ALJ failed to provide good cause for discounting treating source opinion, which would necessitate a remand." Doc. 30 at 5. The Commissioner basically argues that the ALJ's failure to fully explain how she reconciled the opinion of the consultative examiner (Dr. Perdomo) with other evidence in formulating the RFC limitations was not "as egregious" as if she had fully ignored the treating physician's opinion.

Judge Conway found the ALJ's decision was not based on substantial evidence because she had failed to explain her partial rejection of Dr. Perdomo's opinion:

> The ALJ in the present case set forth a summary of Dr. Perdomo's opinion in detail in her administrative opinion *but failed to explain her rejection of Dr. Perdomo's conclusion that Plaintiff could stand, sit, and/or walk for four hours during an eight-hour workday.* Although the ALJ did state she "assigned some weight to" the opinion of Dr. Troiano, a non-examining medical consultant, *the ALJ failed to state with particularity the rationale for rejecting Dr. Perdomo's limitations and adopting Dr. Troiano's limitations that Plaintiff can sit for six hours during an eight-hour workday. See also Kemp v. Astrue*, 308 F. App'x 423, 427 (11th Cir. 2009) (per curiam) ("The opinion of a non-examining physician is entitled to little weight when it contradicts the opinion of an examining physician. . . . [T]he opinion of a non-examining physician, standing alone, does not constitute substantial evidence." (citations omitted)). This failure to provide a rationale is not harmless error because to have the residual functional capacity to perform sedentary work, a claimant should be able to sit generally for total of approximately six hours an eight-hour workday. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a); SSR 83-10 ("'Occasionally' means occurring

>   from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles."). Therefore, the ALJ needs to provide with particularity her rationale for rejecting Dr. Perdomo's opinion regarding the possible hours Plaintiff can sit in an eight-hour workday.

Doc. 27 at 5-6 (internal citations omitted; emphasis added).

In order to deny Plaintiff EAJA fees, as explained by the Eleventh Circuit, *all* of the government's positions must be "substantially justified"- *i.e.*, they *all* must possess a "reasonable basis both in law and fact," then, "notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's fees." *Myers v. Sullivan*, 916 F.2d 659, 666-67 (11th Cir. 1990) (citing *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988) and *Reeves v. Bowen*, 841 F.2d 383 (11th Cir.) (per curiam), *order on reh'g*, 860 F.2d 1009 (11th Cir. 1988)). "Under this inquiry, it is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees. *Myers*, 916 F.2d at 666-67 (citing *Hudson*, 839 F.2d at 1456 n. 3).

According to Judge Conway's Order, the Commissioner was not substantially justified in relying on the ALJ's implicit rejection of Dr. Perdomo's opinion that Plaintiff could only sit for four hours– not six– in an eight-hour workday. The Commissioner was also not substantially justified in arguing the ALJ's failure to discuss Dr. Perdomo's four-hour sitting limitation was harmless error. As Judge Conway determined, "[a]lthough the ALJ did state she 'assigned some weight to' the opinion of Dr. Troiano, a non-examining medical consultant, the ALJ failed to state with particularity the rationale for rejecting Dr. Perdomo's limitations and adopting Dr. Troiano's limitations that Plaintiff can sit for six hours during an eight-hour workday." Doc. 27.

The Commissioner argues she was reasonable in contending on appeal that "opinions from one-time examiners, such as that from Dr. Perdomo, are not entitled to *controlling weight or substantial deference*, and that a claimant's RFC is based on *all* relevant evidence in the case record, and not simply on the opinions from medical sources. Doc. 30 at 5. The Commissioner completely ignores and failed to even cite the case that is now the controlling standard in the Eleventh Circuit regarding consideration of medical opinions, *i.e.*, *Winschel* and its progeny[3]. Instead, although the Commissioner putatively relied on the 1987 case of *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987), she also relied on twp unpublished cases for the proposition that an ALJ "may *implicitly* make a determination" which would "only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." *Kemp v. Astrue*, 308 Fed. Appx. 423, 426 (11th Cir. 2009); *Caldwell v. Barnhart*, 261 Fed. Appx. 188, 190 (11th Cir. 2008). Such cases constitute persuasive, not binding precedent, particularly when they directly conflict with *Winschel*. *See* 11th Cir. R. 36-2 and I.O.P. 6 (unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority).

Although this Court's Report and Recommendation ("R&R") discussed at length that the ALJ's accurate representation of Dr. Perdomo's treatment records and opinions, the R&R did not directly address the inconsistency between Dr. Perdomo's "4 hour sitting" maximum and the ALJ's finding, based on Dr. Perdomo's opinion, that Plaintiff could "sit 6 hours, for 1 hour at a time before needing the opportunity to alternate to a sitting position for 5 minutes while on task." Doc. 25 at 8-9. As such, it cannot be the basis for finding substantial justification. The Commissioner has not

---

[3] Judge Conway cited *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011), as well as *Hoehn v. Comm'r of Soc. Sec.*, No. 6:10-cv-262-Orl-DAB, at *6 (M.D. Fla. June 21, 2011), for the proposition that "under *Winschel*, the ALJ still must set forth with particularity the weight she assigned to this opinion [of Dr. Perdomo] and the rationale for the rejection of the most significant findings" including that of a consultative examiner who examines a claimant on only one occasion. Doc. 27 at 5.

asserted a proper basis for substantial justification in light of the binding decision in *Winschel*, on which Judge Conway relied, that an ALJ is required to "state with particularity the weight given" to a medical opinion "and the reasons therefor." Doc. 27 at 5.

### III. Calculation of fees

Plaintiff's Motion seeks an award of attorney's fees in the amount of $4,152.91, calculated at the rate of $184 per hour ($125.00 adjusted for cost of living increase of 47.2% (Consumer Price Index)) for 21.0 hours of work expended in 2011; at the rate of $180.57 per hour ($125.00 adjusted for cost of living increase of 44.5% (CPI)) for 1.6 hours of work expended in 2011. Doc. 29. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

Counsel also seeks to have Plaintiff's fees directly to counsel, as long as the United States Department of Treasury determines that Plaintiff does not owe a debt that the subject to offset. If the Commissioner determines that Plaintiff does not owe such a debt, the award may be paid directly to Plaintiff's counsel. *See Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at *2 (M.D. Fla. May 31, 2011) (stating that the Supreme Court in *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010), "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney"); *Lea v. Commissioner of Social Sec.*, No. 6:10-CV-205-ORL-22, 2011 WL 3625099, *2 (M.D. Fla. Aug 17, 2011) (same).

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no objection to the amount of fees sought (*see* Doc. 30), the Court finds that an award of $4,152.91 is

appropriate under the EAJA.  It is therefore **respectfully RECOMMENDED** that the motion be **GRANTED** and judgment be entered in the amount of **$4,152.91** for attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy